IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JIMMY LEE FORD, JR.,                )
                                     )
            Petitioner,              )
                                     )      1:12CV473
      v.                             )      1:99CR364-1
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Jimmy Lee Ford, Jr., a federal prisoner, has brought what the Court docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:99CR364-1, Doc. #49], as well as an Amended Motion [Doc. #51]. On February 24, 2000, Petitioner was convicted one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count Two) and of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Three). Based on an Information of Prior Conviction filed under 21 U.S.C. § 851, he was sentenced to the statutory mandatory sentence of life imprisonment. Petitioner filed a Motion [Doc. #31] under § 2255, which was dismissed. He later filed the present Motion [Doc. #49] and Amended Motion [Doc. #51].

Petitioner raises a single claim for relief in his Motion, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Government filed a Response [Doc. #65], conceding that Petitioner's conviction under § 922(g) should be vacated because the predicate North Carolina conviction charged in

Count Three would not support his conviction under § 922(g) as a felon in possession of a firearm. Specifically, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction listed in the Indictment as supporting the § 922(g) charge. It agrees that the conviction should be vacated.

The Government also notes that the Court would lack jurisdiction to grant relief under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). However, the Government takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court. The Government thus necessarily concedes that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [Petitioner's] detention" and that habeas corpus relief is available instead under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (concluding that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"). In the Response [Doc. #65], the Government asks that the Court vacate Petitioner's conviction as to Count Three of the indictment.[1]

---

[1] The Court notes that this case is one of the few cases to be considered in this District in which a
(continued...)

The Government has further affirmatively waived any statute of limitations defense that might otherwise apply.² In addition, although venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, the Government has raised no objection to venue, and agrees that this case should proceed in this District. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (holding that this location limitation is "waived if not timely asserted"). The parties thus agree that Petitioner's Motion should be considered under 28 U.S.C. § 2241 and that pursuant to the § 2241 Petition, Petitioner's sentence and conviction on Count Three should be vacated.³ The Court has reviewed the state court documents reflecting Petitioner's

---

¹(...continued)
"second or successive" § 2255 Petition is construed as a § 2241 Petition on the Government's concession. Cf. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (noting that the Court has an obligation to satisfy itself of its jurisdiction to proceed under § 2241). In considering this issue, the Court notes that other districts within this Circuit have accepted similar concessions and proceeded in allowing relief under § 2241 in similar cases. See, e.g., Smith v. United States, No. 5:05CR207-1, 2012 WL 3727321 (E.D.N.C. Aug. 28, 2012). This Court has also begun to follow this approach. See United States v. Sneed, Case No. 1:02CR154 (M.D.N.C. January 24, 2013). Moreover, the Court also notes that the Government now takes the position that the Court should vacate the judgment and conviction in this case as to Count Three. When the Government moves to vacate a conviction, as they have requested here, the district court must grant that request "unless clearly contrary to manifest public interest." See Rice v. Rivera, 617 F.3d at 811. Thus, in the present case, if relief under § 2241 were not available, it nevertheless appears that the Government's Response could potentially be construed as a Motion to Vacate under Federal Rule of Criminal Procedure 48. See id.

² The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

³ Thus, the Government has taken the position that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. Aug. 21, 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison,
(continued...)

3

prior convictions listed in Count Three of the Indictment, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of II. The maximum sentence he faced for those offenses under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction be vacated as to Count Three.

Petitioner's conviction on Count Two of the indictment is not affected by Simmons or the Government's concession. However, as the Government notes, the Information of Prior Conviction that led to Petitioner's life sentence on that count is no longer valid under Simmons. Therefore, it concedes that Petitioner should be resentenced as to that Count. In his Reply, Petitioner agrees and requests "a new sentencing hearing with respect to Count Two." Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). In this case, the Court has already determined that relief is available with respect to the conviction in Count Three, as discussed above. Having made that determination, and in light of the Court's broad discretion in fashioning a remedy and the parties' joint request

---

[3](...continued)
Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

for resentencing on the remaining Count, the Court concludes that resentencing is appropriate as to Count Two.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion and Amended Motion to Vacate, Set Aside or Correct Sentence [Doc. #49, 51] be GRANTED, that the Judgment [Doc. #26] be VACATED, that Count Three of the Indictment [Doc. #3] be DISMISSED, and that Petitioner be resentenced as to Count Two of the Indictment.

This, the 14th day of January, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge